IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-10494
Summary Calendar
_____

WILMA SUE POINDEXTER, Etc., ET AL.,

Plaintiffs,

WILMA SUE POINDEXTER, Individually
and as Representative of the
Estate of Larry Richard Poindexter,
Deceased, Richard Lynn Poindexter,
Brenda Sue Heath, and Vaney Louise
Kropff; RICHARD LYNN POINDEXTER;
BRENDA SUE HEATH,

Plaintiffs-Appellants

versus

R.J. REYNOLDS TOBACCO COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas, Dallas
USDC No. 3:99-CV-262-X
_____

October 26, 2000

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's dismissal of the
plaintiffs' claims of civil assault under Texas Penal Code

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 22.01(a)(1)-(3) against R.J. Reynolds Tobacco for failing to warn Larry Poindexter of the dangers of nicotine addiction. The district court dismissed the suit as barred by the Texas Products Liability Act, Tex. Civ. Prac. & Rem. Code § 82.004. We affirm.

I

Larry Poindexter died of lung cancer on February 16, 1998. On February 8, 1999, the plaintiffs, Poindexter's children, wife, and mother, as well as his estate, filed wrongful death and survival actions against R.J. Reynolds under Texas law. The plaintiffs claimed that R.J. Reynolds committed an assault on Poindexter by intentionally, knowingly, or recklessly causing him bodily injury by failing to warn him that nicotine is addictive.

On October 14, 1999, the district court denied R.J. Reynolds's motion for judgment on the pleadings. On February 11, 2000, R.J. Reynolds filed a motion to reconsider the ruling based on intervening authority. R.J. Reynolds noted that, in the time since the original ruling, eleven other district courts had held that the actions asserted in the lawsuit were barred by the Texas Products Liability Act, Tex. Civ. Prac. & Rem. Code § 82.004, and no district court had held otherwise. Based on this authority, the district court granted R.J. Reynolds's motion for reconsideration and dismissed the plaintiffs' claims on April 7, 2000.

II

2

A judgment on the pleadings is reviewed de novo. St. Paul Fire and Marine Ins. Co. v. Convalescent Servs. Inc., 193 F.3d 340, 342 (5th Cir. 1999). In reviewing a judgment on the pleadings, a court must look only at the pleadings and must accept all allegations in them as true to determine whether a genuine issue of material fact exists. St. Paul Ins. Co. v. AFIA Worldwide Ins. Co., 937 F.2d 274, 279 (5th Cir. 1991).

Texas law bars products liability suits against manufacturers when

> (1) the product is inherently unsafe and the product is known to be unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community; and
> (2) the product is a common consumer product intended for personal consumption, such as sugar, castor oil, alcohol, tobacco, and butter, as identified in Comment i to Section 402A of the Restatement (Second) of Torts.

Tex. Civ. Prac. & Rem. Code § 82.004(a). We recently found that the common knowledge required by the statute was the common knowledge that the product was "known to be unsafe," a test which was "satisfied as a matter of law as to tobacco." Sanchez v. Liggett & Myers, Inc., 187 F.3d 486, 490 (5th Cir. 1999).

Adopted at the same time as section 82.004(a), section 82.001(2) statute defines products liability action as

> any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation,

3

breach of express or implied warranty, or any other theory or combination of theories.

Tex. Civ. Prac. & Rem. Code Ann. § 82.001(2) (Vernon 1997).

III

The plaintiffs argue that § 82.004 does not bar their claims because the addictive properties of nicotine were not common knowledge as required by the statute. As noted above, however, we have recently decided to the contrary. <u>Sanchez</u>, 187 F.3d at 491. Because Sanchez's claim, which was also based on the addictive effects of tobacco, was barred by § 82.004, the plaintiffs' claim that the addictive properties of nicotine were not common knowledge is precluded by precedent.

The plaintiffs argue, however, that § 82.004(a) does not create immunity for civil assault claims. First, they claim that because civil and criminal assault contain the same elements, to allow immunity would be against Texas public policy because it would reward the commission of a crime. The cases cited by the plaintiff, however, involve situations where a criminal sought aid from the courts to obtain a financial benefit. Here, R.J. Reynolds did not bring the action and is not seeking damages. Furthermore, § 82.004 represents the public policy chosen by the Texas legislature as to products liability claims for tobacco. Because we are persuaded that the Texas legislature intended to preclude the plaintiffs' claims with the enaction of § 82.004, we decline to

4

find that Texas public policy bars the application of § 82.004 to civil assault actions for nicotine addiction.

Second, the plaintiffs argue that the language of § 82.004, and the fact that the Texas Supreme Court has noted that § 82.004 "codified comments i and j of section 402A of the Restatement"[1] limit the scope of civil immunity to claims predicated on a product defect. Thus, the plaintiffs contend that § 82.004 cannot properly be extended beyond its plain language to bar claims that do not require proof of product defect. This argument, however, was rejected in the Hulsey cases, which we affirmed after oral argument. Hulsey v. American Brands, Inc., 1997 WL 271755 (S.D. Tex. 1997), aff'd, 139 F.3d 898 (5th Cir. 1998). As in Hulsey, the plaintiffs here seek recovery based on the assertion that R.J. Reynolds products cause nicotine addiction and the addictive nature of the tobacco was not disclosed by R.J. Reynolds. Under Texas products liability law, the absence of a warning or instruction may render a product defective. Malek v. Miller Brewing Co., 749 S.W.2d 521, 522 (Tex. App.-Houston 1988). Thus, despite the fact that the suit alleges an assault, it is predicated on the existence of a product defect. This is exactly the type of suit that is barred by § 82.004(a).

---

[1] American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 427 n.2 (Tex. 1997).

Third, the plaintiffs contend that § 82.004 only bars products liability claims, and thus their claim for assault should be allowed to proceed.[2] In <u>Sanchez</u>, however, we found that while Sanchez's claims for fraud, conspiracy, and violation of the Texas Deceptive Trade Practices Act might not be "traditional" products liability claims, the broad definition of products liability claims in § 82.001 "plainly forecloses this argument." <u>Sanchez</u>, 187 F.3d at 491. Because Sanchez's claims allegedly arose from his nicotine addiction, "[a]ll theories of recovery asserted by the Sanchez family are covered, with the exceptions of manufacturing defect and breach of express warranty." <u>Id.</u> Similarly, all of the plaintiffs' claims arise out of Poindexter's personal injuries allegedly caused by smoking addictive cigarettes. Thus, the plaintiffs' claims, which arise out of Poindexter's nicotine addiction, are foreclosed by § 82.004 regardless of how they are pled.

IV

---

[2]Although not controlling under Fifth Circuit Rule 47.5.4, we find persuasive the holdings of <u>Cornelius v. Phillip Morris, Inc.</u>, No. 00-10352 (5th Cir. Sept. 27, 2000); <u>Lopez v. R.J. Reynolds Tobacco Co.</u>, No. 00-40247 (5th Cir. June 26, 2000); and <u>Perez v. Phillip Morris, Inc.</u>, No. 00-40146 (5th Cir. June 23, 2000). All three cases found identical claims for civil assault from nicotine addiction barred by § 82.004.

6

Because we find that the plaintiffs' arguments are without merit, we AFFIRM the district court's judgment dismissing the case on the pleadings.

A F F I R M E D.