**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 00-40252

_____

JO A. HARRIS; ET AL.,

Plaintiffs,

JO A. HARRIS; FRANCIS WAYNE O'CONNOR; ALFREDO G.
QUINTANILLA,

Plaintiffs - Appellants,

versus

PHILIP MORRIS INCORPORATED,

Defendant - Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas

_____

November 16, 2000

Before DAVIS, EMILIO M. GARZA, Circuit Judges, and POGUE, District Judge.[*]

EMILIO M. GARZA, Circuit Judge:

Jo A. Harris, *et al.* ("Plaintiffs") appeal the dismissal of their claims against Philip Morris

---

[*]    Judge of the U.S. Court of International Trade, sitting by designation.

Incorporated ("Philip Morris") for civil assault under Texas Penal Code § 22.01(a). The district court held that Texas Civil Practice and Remedies Code § 82.004(a) barred the Plaintiffs' claims. We affirm.

The Plaintiffs filed a diversity action alleging that they suffered physical and psychological harm from smoking Philip Morris' cigarettes. They claim that Philip Morris committed a civil assault under Texas law by producing and selling products that induce nicotine addiction. Philip Morris thus allegedly intentionally, knowingly or recklessly caused the Plaintiffs' harm.

The district court granted Philip Morris' motion for judgment on the pleadings, ruling that the Texas Product Liability Act (as codified in TEX. CIV. PRAC. & REM. CODE § 82.004) precluded the Plaintiffs' claims. The statute protects manufacturers and sellers of "inherently unsafe" products, including tobacco, from products liability suits. Section 82.004(a) states that:

> In a products liability action, a manufacturer or seller shall not be liable if:
>    (1) the product is inherently unsafe and the product is unknown to be unsafe by the ordinary consumer who consumes the product with ordinary knowledge common to the community; and
>    (2) the product is a common consumer product intended for personal consumption, such as...tobacco....

TEX. CIV. PRAC. & REM. CODE § 82.004(a).[1] The statute does not relieve manufacturers and sellers of liability for actions based on manufacturing defects or breach of express warranties.

We review a judgment on the pleadings *de novo. See St. Paul Ins. Co. v. Afia Worldwide Ins. Co.*, 937 F.2d 274, 278-79 (5th Cir. 1991). The Plaintiffs challenge the district court's decision on

---

[1]    Section 82.001(2) defines "products liability action" as "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product where the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory of combination of theories."

several grounds.  All of them lack merit.[2]  We examine each of the grounds below.

First, the Plaintiffs argue that § 82.004's immunity provision violates public policy by encouraging or condoning the criminal act of assault.  However, § 82.004 itself represents the state's public policy.  The Texas legislature's enactment of the Texas Product Liability Act represented the state's policy preference to limit manufacturers' liability for injuries caused by their products.  Accepting the Plaintiffs' argument would only encourage artful and creative pleading.

Second, we must reject the Plaintiffs' constitutional challenge against § 82.004.  The Plaintiffs contend that it violates the Texas Constitution's "open courts" guarantee, which provides that "[a]ll courts shall be open, and every person for an injury done him...shall have remedy by due course of law."  TEX. CONST. art. I., § 13.   The "open courts" guarantee has been interpreted to deny the Texas legislature the power to abrogate *common law* remedies against intentional wrongs.  *See Rose v. Doctors Hosp.*, 801 S.W.2d 841, 845 (Tex. 1990) (holding that the "open courts" guarantee does not extend to the abrogation of statutory remedies).  But the Plaintiffs have filed a statutory cause of action under § 22.01 of the Texas Penal Code.  The "open courts" guarantee simply does not apply here.

Even if the Plaintiffs had pleaded a common law action, they could not rely on the "open courts" guarantee because the Texas Product Liability Act does not preclude all remedies.  The statute allows suits based on manufacturing defect and express warranty defect claims.  Furthermore, the Plaintiffs must show that their claims are "well-established" to succeed on an "open courts"

---

[2]        We note that this Court has rejected nearly identical arguments in previously unpublished opinions. *See Cornelius v. Philip Morris, Inc.*, No. 00-10352 (5th Cir. Sept. 27, 2000); *Lopez v. R.J. Reynolds Tobacco Co.*, No. 00-40247 (5th Cir. June 26, 2000); *Perez v. Philip Morris, Inc.*, 00-40146 (5th Cir. June 23, 2000).

challenge. *See Barshop v. Medina County Underground Water Conservation Dist.,* 925 S.W.2d 617, 637 (Tex. 1996). We have never accepted an "assault" claim based on personal injury from smoking.

Third, the Plaintiffs claim that § 82.004 does not apply because the addictive nature of nicotine is not "common knowledge" as required by the statute. This court expressly considered and rejected that argument in *Sanchez v. Liggett & Myers, Inc.*, 187 F.3d 486, 490-91 (5th Cir. 1999). We held that "the only requirement of §82.004(a) as to common knowledge is that the product be 'known to be unsafe.'" *Id.* at 490. We found that this test was met as a matter of law as to tobacco. *See id.* (citing *Allgood v. R.J. Reynolds Tobacco Co.,* 80 F.3d 168, 172 (5th Cir. 1996)). Thus, § 82.004(a) bars the Plaintiffs' claim, even though they based their suit on the addictive effect of tobacco.[3]

The Plaintiffs point out that *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 429 (Tex. 1997) contains language suggesting that the addictive nature of tobacco was not widely known at least in 1952. They urge this court to follow the Texas Supreme Court's opinion in *Grinnell*. The Plaintiffs' reliance on *Grinnell* is misplaced. We are bound by *stare decisis* to follow this circuit's opinion in *Sanchez.* Furthermore, the analysis in *Grinnell* does not apply here because the suit in that case was filed before the Texas Product Liability Act came into force. *See Sanchez,* 187 F.3d at 490

---

[3]    Section 82.004(1)'s "common knowledge" standard is, as the *Sanchez* majority recognized, "known to be unsafe." We believe that "known to be addictive," the "common knowledge" standard advocated by the Plaintiffs, is subsumed under the statutory standard "known to be unsafe." The logic of the "known to be addictive" standard makes this clear: only those addictive products that are unsafe are the subject of personal injury claims. The products are simply more unsafe because they are addictive.

-4-

(noting that *Grinnell* was filed before the effective date of the Texas Product Liability Act and thus "the Texas Supreme Court's decision was governed by common law, not by § 82.004(a)").

Fourth, the Plaintiffs maintain that § 82.004 does not bar their claims because the statute applies only to claims predicated upon product defect. The Fifth Circuit rejected this argument in the so-called *Hulsey* cases. *See Hulsey v. American Brands, Inc.*, 1997 WL 271755 (S.D. Tex. 1997), *aff'd* 139 F.3d 898 (5th Cir. March 2, 1998) (unpublished), *cert. denied,* 525 U.S. 868 (1998); *Oglesby v. American Brands, Inc.*, 1997 WL 881214 (S.D. Tex. 1997), *aff'd*, 139 F.3d 898 (5th Cir. March 2, 1998) (unpublished), *cert. denied,* 525 U.S. 868 (1998); *Whirley v. American Brands, Inc.*, 1997 WL 881215 (S.D. Tex. 1997), *aff'd*, 139 F.3d 898 (5th Cir. March 2, 1998) (unpublished), *cert. denied,* 525 U.S. 868 (1998).

In the *Hulsey* cases, the plaintiffs claimed that tobacco companies knew that nicotine caused addiction among smokers, but concealed this knowledge intentionally, knowingly, recklessly, maliciously, fraudulently, negligently, gross negligently and assaultingly. *See Hulsey*, 1997 WL 271755 at *1. The district court expressly rejected the *Hulsey* plaintiffs' assertion that § 82.004 did not apply because their claims were not predicated on a product defect, and found these claims barred under § 82.004. *See id.* at *5. It noted that § 82.001(2) and § 82.004 intended to preclude claims based on injuries sustained as a result of the undisclosed addictive nature of cigarettes.

As in the *Hulsey* cases, the Plaintiffs here seek to recover damages for personal injuries suffered as result of nicotine's addictive qualities. We find *Hulsey's* reasoning persuasive and reject the Plaintiffs' argument that § 82.004 does not apply here.

The Plaintiffs attempt to circumvent § 82.004(a)'s bar by characterizing their claims as based on assault, not products liability. Our holding in *Sanchez* disposes of this argument. In *Sanchez,* the

plaintiff denied that his action was premised on products liability, and instead raised claims of fraud, conspiracy, and violation of the Texas Deceptive Trade Practices Act. *See Sanchez*, 187 F.3d at 491. We held that, while Sanchez's claims might not have been "traditional" products liability claims, "the definition in § 82.001(2) plainly foreclose[d] the argument." *Id.* We noted that § 82.001(2) defined "products liability action" broadly to include any action arising out of personal injury or death from a defective product, regardless of the theory or combination of theories under which the claim is brought. *See id.* (citing §82.001(2)). Because Sanchez's claims arose from the allegedly wrongful death caused by smoking cigarettes, "all theories of recovery asserted by the Sanchez Family are covered, with the exceptions of manufacturing defect and breach of warranty." *Id.* (citing § 82.004(b)).

Notwithstanding the Plaintiffs' legal labels and conclusory characterizations, we hold that the Plaintiffs' claims are based on "products liability," and are thus barred by the Texas Product Liability Act. *See Hulsey*, 1997 WL 881214 at *5 (finding claims of injuries suffered as a result of addictive properties of cigarettes to be "products liability" claims under §82.001(2)).

AFFIRMED.