Hazel JOHNSON, et al.,

v.

PHILIP MORRIS, et al.

No. Civ.A. G–01–71.

United States District Court,
S.D. Texas,
Galveston Division.

Aug. 24, 2001.

Herbert L. Hawkins, Jr., Attorney at Law, Bay City, TX, for plaintiffs.

Stephen E. Scheve, Shook, Hardy & Bacon, Houston, TX, for Philip Morris, Inc.

Ellen Beth Malow, Kasowitz, Benson, Torres & Friedman, Houston, TX, for Liggett & Myers, Inc. and Brook Group Ltd.

Matthew D. Shaffer, Schechter, McElwee, et al., Houston, TX, for R.J. Reynolds Tobacco.

Sam W. Cruse, Jr., Cruse, Scott, Henderson & Allen, Houston, TX, for Brown & Williamson Tobacco Corp. and The American Tobacco.

Stephen E. Scheve, Peter M. Henk, Shook, Hardy & Bacon, Houston, TX, for Lorillard Tobacco Co.

### ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING CLAIMS

KENT, District Judge.

Plaintiffs bring this action seeking to recover on their own behalf and on behalf

of Mr. Herbert Hawkins, Sr. and Ms. Audrey Jordan, both of whom have suffered personal injuries allegedly as a result of years of smoking cigarettes manufactured by Defendants. Now before the Court is Defendants' Motion for Judgment on the Pleadings. For the reasons stated below, Defendants' Motion is **GRANTED**.

## I. BACKGROUND

Plaintiffs allege that Mr. Herbert Hawkins, Sr. began smoking cigarettes in 1942, at age twelve, Ms. Audrey Jordan in 1960, at age thirteen. Both allegedly became instantly addicted to nicotine in tobacco, and because of their addiction, continued to smoke until suffering either severe injuries or death. Their addiction to cigarettes allegedly caused them to smoke cigarettes every day and stifled their numerous attempts to quit. Mr. Hawkins, Sr. suffered a stroke in the year 2000 at the age of seventy. Ms. Jordan died of cancer in 1999 at the age of fifty-one. Until 1964, when cigarette packages and advertisements began containing warning labels, both Mr. Hawkins Sr. and Ms. Jordan were allegedly led to believe that smoking cigarettes was neither harmful nor addictive.

Plaintiffs in this case include: Herbert Hawkins, Sr.; Tonya Brown, the daughter of Ms. Jordan; Hazel Johnson; Herbert Hawkins Jr., the independent executor of the Estate of Audrey Johnson and the Guardian of the Person and Estate of Herbert Hawkins, Sr.; and Ella M. Hawkins, the wife of Herbert Hawkins, Jr. All Plaintiffs, with the exception of Mr. Hawkins, Sr., reside in Bay City, Texas. Plaintiffs filed suit on February 7, 2001 alleging causes of action against Defendants for: 1) fraud and deceit; 2) negligent misrepresentation; 3) misrepresentation to consumers; 4) breach of implied warranty; and 5) breach of express warranty. Defendants in this case are: Philip Morris Inc. ("Philip Morris"); Liggett & Myers, Inc. ("Liggett");, Liggett Group, Inc. ("Liggett Group"); Brook Group, Ltd. ("Brook Group"); R.J. Reynolds Tobacco Co. ("RJR"); Brown & Williamson Tobacco Corp. ("Brown & Williamson"); The American Tobacco Company, Inc. ("American Tobacco"); B.A.T. Industries P.C.L. ("B.A.T."); Lorillard Tobacco Company ("Lorillard"); The Council for Tobacco Research—U.S.A., Inc. ("CTR"); and The Tobacco Institute, Inc. ("Tobacco Institute").

Since the filing of Plaintiffs' Complaint, much has changed. On May 8, 2001, the Court dismissed B.A.T. from the case for lack of jurisdiction. Then on May 24, 2001, Defendants RJR, Philip Morris, Lorillard, and Brown & Williamson moved for judgment on the pleadings on all of Plaintiffs' causes of action. Defendants Liggett Group, Liggett, and Brooke Group joined in the Motion for judgment on the pleadings. Plaintiffs subsequently submitted a statement of non-opposition to Defendants' Motion, except as to the breach of warranty claims. Plaintiffs also sought leave to amend their Complaint to eliminate all but the warranty claims. On July 5, 2001, the Court held a scheduling conference in which it gave Plaintiffs permission to amend their Complaint and to respond to outstanding pleadings by July 31, 2001. On July 19, 2001, Plaintiffs filed their First Amended Complaint for Breach of Express and Implied Warranty. Defendants were given until August 31, 2001 to answer or otherwise respond to the Amended Complaint. They filed a Supplemental Memorandum in support of their Motion for Judgment on the Pleadings on August 13, 2001. Plaintiffs filed a Response on August 22, 2001.

Thus, the only claims Plaintiffs currently have before the Court are those for breach of express and implied warranty. The Court will now consider Defendants' Mo-

tion to Dismiss as it pertains to these sole, remaining claims.

## II. LEGAL STANDARD

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir. 1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994). The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *See Mahone v. Addicks Util. Dist. of Harris County,* 836 F.2d 921, 926 (5th Cir.1988).

## III. ANALYSIS

### A. *Implied Warranty*

Plaintiffs bring their claims under Texas law, and Defendants do not contest the application of Texas law. Under Tex.Civ. Prac. & Rem.Code §§ 82.001(2), 82.004 (Vernon 1997) Plaintiffs' claims for breach of implied warranty are clearly barred. *See Sanchez v. Liggett & Myers, Inc.,* 187 F.3d 486, 489–91 (5th Cir.1999); *see also Harris v. Philip Morris, Inc.,* 232 F.3d 456, 457–58 (5th Cir.2000); *Davis v. R.J. Reynolds Tobacco, Inc.,* 231 F.3d 928, 930 (5th Cir.2000). Thus, Plaintiffs' claims for breach of implied warranty are hereby **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE ANY VIABLE CLAIM, AS A MATTER OF LAW.**

### B. *Express Warranty*

■ Under Texas law, to state a claim for breach of express warranty, Plaintiffs must allege: (1) an express affirmation of fact or promise by the seller relating to the goods; (2) that such affirmation of fact or promise by the seller became a part of the basis of the bargain; (3) that Plaintiffs relied upon said affirmation of fact or promise; (4) that the goods failed to comply with the affirmation of fact or promise; (5) Plaintiffs were injured by such failure of the product to comply with the express warranty; and (6) that such failure was the proximate cause of Plaintiffs' injury. Tex.Bus. & Com.Code § 2.313(a)(1) (Vernon 1994); *Morris v. Adolph Coors Co.,* 735 S.W.2d 578, 587 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.).

■ Plaintiffs' Amended Complaint contains the following allegation supporting Plaintiffs' claim for the existence of an express warranty: "Defendants' advertisements and promotional statements contained specific overt and covert claims amounting to a warranty that their products were of good quality except that the cigarettes could cause lung cancer and heart disease." Plaintiffs attach to their Amended Complaint various photocopies of cigarette advertisements. Plaintiffs' theory of the case is further elucidated in their Response to Defendants' Motion to Dismiss. Plaintiffs argue that each advertisement contained an affirmation of fact and promises made by Defendant regarding the tar and nicotine contents of each their product. Plaintiffs claim that these representations were relied upon by Mr. Hawkins, Sr. and Ms. Jordan, and that the actual tar and nicotine content of the cigarettes were in fact twice the amount stated by Defendants.

A closer inspection of Plaintiffs' argument, however, reveals that they have failed to state a claim. In support of their

claim, Plaintiff cite a study by the Federal Trade Commission ("FTC"), which explains that the FTC testing methods may not yield valid results. Yet, all the example advertisements Plaintiffs cite in their brief, as well as the advertisements attached to their Amended Complaint, contain the qualification "by FTC method," after stating the amount of tar and nicotine per cigarette. Thus, as revealed on the face of Plaintiffs' Amended Complaint, Plaintiffs are not really accusing Defendants of having made any false affirmations. Rather Plaintiffs attack the FTC testing methods themselves. Defendants' warranty, if any, however, cannot conceivably extend to the validity of a government sanctioned testing method. Plaintiffs' claims for breach of express warranty thus fail to state a claim upon which relief may be granted. For these reasons, Plaintiffs' claim for breach of express warranty are **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM.**

As a final note, the Court makes the following observations. The stories of Mr. Hawkins, Sr. and Ms. Jordan are indeed tragic. Moreover, the lawyer representing the Plaintiffs is Mr. Hawkins, Sr.'s own son, making the case even more poignant. This lawsuit seems, in many ways, a true labor of love. This reveals itself in the laudable zeal and vigor with which Mr. Hawkins, Jr. has prosecuted Plaintiffs' claims to date. He is deeply commended for his efforts. The Court, however, would be doing Plaintiffs a disservice by allowing this lawsuit to proceed. The law in this area, at least in Texas, is well-settled. The Court would only compound Plaintiffs' misery by allowing them spend the enormous time, money, and inconvenience required to pursue these claims, only to have them rejected, as they certainly would be, at the summary judgment stage, or at trial, or certainly on appeal. While the airing of public disputes often has intrinsic value regardless of the outcome, in the realm of claims by smokers, the value is de minims. The law recognizes that along with the freedoms and rights enjoyed by citizens of the United States comes personal responsibility. For well over twenty years, the American public has been so saturated with information regarding the risks associated with smoking that even the most disinterested, uniformed citizen is aware that cigarette smoking is harmful to ones' health. *See American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 427–28 (Tex.1997). Indeed, as Plaintiffs admit, since 1965 all cigarette packaging has contained a rather sinister Surgeon General's warning. Many people have moderated or terminated their cigarette smoking as a result. Those who have continued to smoke, the law deems, have done so, however tragically, at their own risk.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings is **GRANTED.** Accordingly, Plaintiffs' claims for breach of express and implied warranty against the moving parties are **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM.** In addition, for the same reasons, the Court sua sponte **DISMISSES WITH PREJUDICE** Plaintiffs' warranty claims against the non-moving parties as well. Each party is to bear its own costs incurred herein to date.

**IT IS SO ORDERED.**